IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

| | | |
|---|---|---|
| DARRELL GENE HOWE, | ) | CV 04-188-M-DWM |
| | ) | |
| Petitioner, | ) | |
| | ) | ORDER |
| vs. | ) | |
| | ) | |
| CRAIG THOMAS, MARK FOURNIER, | ) | |
| CHAIRMAN PETERSON, | ) | |
| ED CORRIGAN, JUDGE KEEDY, | ) | |
| AND THE BOARD OF PARDONS, | ) | |
| ET. AL. | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

On June 10, 2005, United States Magistrate Judge Leif B. Erickson entered Findings and Recommendation recommending Petitioner's Complaint be dismissed. On July 8, 2005, Petitioner timely objected and is therefore entitled to *de novo* review of the record. 28 U.S.C. § 636 (b) (1).

Petitioner's 42 U.S.C. § 1983 complaint seeks civil damages against the defendants on three grounds. First, Petitioner contends that Judge Keedy, by whom he was sentenced, was also the judge in his divorce case and was on a baseball team with his ex-wife's lawyer and the victim in his criminal case. Second, Petitioner alleges that Judge Keedy's conditions as to his sentence were not imposed orally and apparently that he spent $4,000.00 to

get those conditions removed.  Finally, Petitioner asserts that the Board of Pardons and Parole erred in their notifications, which led to the recission of Petitioner's parole.

Petitioner is barred from seeking liability against Judge Keedy under 42 U.S.C. § 1983, because judges, as agents of the State acting within their judicial jurisdiction, are protected by the doctrine of absolute immunity.  *See Pierson v. Ray*, 386 U.S. 547, 553-554 (1967).  The entry of conditions on a sentence is well within the bounds of judicial jurisdiction and Judge Keedy is absolutely immune from any damages sought under this Complaint.

The remaining claims brought under § 1983, as well as the one implicating the judge, are inappropriate at this time as Petitioner's original conviction and sentence have not been invalidated as called for in *Heck v. Humphrey*, 512 U.S. 477, 480 (1994).  The Supreme Court in *Heck* holds that damages for an unconstitutional conviction or sentence cannot be claimed under § 1983 until the conviction or sentence itself has been declared invalid.  *Id.* at 489-90.  As that is not the case here, Petitioner is untimely in seeking liability damages under § 1983 and consequently will be provided no monetary recourse as requested in the Complaint.  If at a future point in time Petitioner's conviction or sentence is invalidated, then a cause of action based on § 1983 may be filed by the Petitioner.

The objections entered by the Petitioner do nothing to save

the Complaint from a *Heck* bar. Though it may be true that the Petitioner is not directly attempting to challenge the "fact or duration" of his confinement, if his allegations are true, then his conviction is necessarily invalid. Consequently, it is barred by the *Heck* rule. Again, for Petitioner to properly employ § 1983 he must first have his conviction or sentence invalidated. *Heck*, 512 U.S. at 480. Petitioner is correct in saying he filed a Petition for Writ of Habeas Corpus, *see Howe v. Mahoney*, Cause No. CV 04-31-H-DWM, and he is also correct in concluding this would be an appropriate way to invalidate his conviction or sentence. However, that petition was denied. Petitioner's conviction and sentence stand. Given the Petitioner's current status this Court is unable to grant the damages sought under § 1983.

Based on the foregoing reasons, this Court adopts Judge Erickson's Findings and Recommendation (doc. 2) in full.

Accordingly, **IT IS HEREBY ORDERED**:

1.   Petitioner's claim against Judge Keedy is **DISMISSED WITH PREJUDICE** based on the doctrine of absolute judicial immunity.

2.   Petitioner's Complaint is **DISMISSED WITHOUT PREJUDICE**.

DATED this __8th__ day of June, 2006.

                                            /s/ Donald W. Molloy
                                            Donald W. Molloy, Chief Judge
                                            United States District Court